## ALVIRA ROBINSON

### v.

## THE STATE OF ILLINOIS.

*Opinion filed January 7, 1890.*

STATUTE OF LIMITATIONS—*claim for damages caused by construction of dam must be presented within two years.* A claimant for damages to land caused by the construction of a dam by the State must file his petition within two years after the date of the closing of the dam or his claim will be barred by the statute of limitations.

The petition in this case is filed by Alvira Robinson for the use of the executors of the last will of Washington E. Cook, deceased.

The petition charges that claimant is now in possession of said lands described in the petition under contract for a deed from Washington E. Cook, deceased, and was so in possession before and since the 20th day of October, A. D. 1877; that by authority of the State of Illinois a dam was constructed across the Illinois river near Copperas Creek in October, 1877; that said dam lifts the water at said Copperas Creek six and one-half feet, making the lowest possible low water mark at said dam six and one-half feet higher than before said dam was constructed; that by reason of the erection of said dam claimants' lands have become water soaked,

the water backing up over said lands, rendering said lands almost worthless and will so remain forever. The damage claimed is $675.00. The Attorney General files a plea setting up the statute of limitations as a defense to said claim.

The statute creating this Commission of Claims provides that the Commission shall have power to hear and determine all claims against the State for taking or damaging private property by the State for public purposes in the construction or for the use of any public improvement which have not already been barred by any statute of limitations; see session laws of 1889, page 90.

An Act of the General Assembly of the State of Illinosi to limit the time for persons to bring claims against the State of Illinois, approved March 1, 1847, provides that all unliquidated claims against the State shall be proved up and filed with the Auditor of Public Accounts within two years from the time such claim may have arisen, and any claim not presented and proven up as above and filed shall be forever barred from payment by the State.

The petition in this case was filed in the Auditor's office October 30, 1879, more than two years after the construction of the dam at Copperas Creek, which dam was constructed October 21, 1877.

The claim not having been filed with the Auditor of Public Accounts within two years as required by the statute of 1847, the said claim is now barred by the statute of limitations and is therefore rejected for that reason.

For further particulars reference is had to the opinion filed in the case of Wm. R. Fairbanks, use of the First National Bank, etc., v. The State of Illinois. (See page, *ante.*)